UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FAIR HOUSING CENTER OF WASHTENAW
COUNTY, INC., A Michigan non-profit corporation,
dba The Fair Housing Center of Southeastern Michigan, Inc.,

    Plaintiff,

    v.                                      Case No. 15-11649
                                           Hon. Sean F. Cox

PARKSIDE EAST, INC., a Michigan
Corporation, et al.,

_____/

**SUDI HOPPER'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Sudi Hopper, by and through her attorney, Joseph Falcone, and for her Answer to the Complaint, states as follows:

1. Admits that the Plaintiff brought this action, but denies the remaining allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

2. Denies as untrue.

3. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

4. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

5. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

6. Denies as untrue.

7. Denies as untrue.

8. Denies as untrue.

9. Denies as untrue.

10. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

11. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

12. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

13. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

14. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

15. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

16. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

17. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

18. Denies as untrue that Defendant Hopper told each of FHC's testers that Defendants do not permit children to live in one-bedroom apartments, among other discriminatory statements. Denies the remaining allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

19. Denies as untrue.

20. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

21. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

22. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

23. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

24. Denies as untrue.

25. Denies as untrue.

26. Denies as untrue.

27. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

28. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

29. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

30. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

31. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

32. Denies as untrue the first sentence of the paragraph. Denies the remaining allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

33. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

34. Denies the allegations for lack of sufficient knowledge upon which to base an answer and therefore denies the same as untrue.

35. Denies as untrue.

36. Denies as untrue.

37. Denies as untrue.

38. Denies as untrue.

## FIRST CLAIM FOR RELIEF

Federal Fair Housing Act

39. Defendant restates and realleges all its answers set forth in paragraphs 1 through 38, inclusive, as if the same were repeated word for word and paragraph by paragraph and reincorporates the same herein by reference.

40. Denies as untrue.

WHEREFORE, Defendants prays that this Honorable Court deny the relief prayed for in the Complaint and enter a judgment for no cause of action and award Defendant her costs and attorneys fees as allowed by law.

*/s/ Joseph Falcone*          May 27, 2015
Joseph Falcone (P25727)
Attorney for Defendant Sudi Hopper
3000 Town Center, Suite 2370
Southfield, MI 48075
248-.57-6610
jf@lawyer.com

## AFFIRMATIVE DEFENSES

NOW COMES Sudi Hopper and for her Affirmative Defenses states as follows:

1. The Complaint fails to state a cause of action.
2. The Plaintiff lacks standing.
3. The Plaintiff failed to mitigate damages.
4. Plaintiff's complaint is against public policy.
5. Plaintiff's complaint is barred by the statute of limitations.
6. Any action by Plaintiff was justified by a reasonable occupancy standard.
7. The Defendant has the right to check the rental history of all prospective tenants.
8. Any action by Plaintiff was justified by reasonable health and safety concerns.

9. The dwelling units in issue may be exempted from the coverage of the Fair Housing Act, such as housing for older persons or single family homes.

10. If it is found that Defendant violated the Fair Housing Act, such violation occurred without the knowledge that the action violated the law and was not with reckless indifference to Plaintiff's rights.

11. Defendant reserves the right to add further affirmative defenses as they become known.

12. Defendant demands a reply to her affirmative defenses.

 /s/ Joseph Falcone_____                May 27, 2015
Joseph Falcone (P25727)
Attorney for Defendant Sudi Hopper
3000 Town Center, Suite 2370
Southfield, MI 48075
248-.57-6610
jf@lawyer.com